# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

WAWD: 3:25-mj-05266

UNITED STATES OF AMERICA

v.

Jeffrey Michael Roosa, Jr. (1)

### WARRANT FOR ARREST

**Case Number:**   22-cr-02502-DMS-1

## NOT FOR PUBLIC VIEW

To:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   Jeffrey Michael Roosa, Jr. (1)

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition

☐ Pretrial Violation

charging him or her with  (brief description of offense):

RECEIVED U.S. MARSHAL'S-S/CA 2025 JUL 15 PM 3: 25

In violation of Title ___See Above___   United States Code, Section(s) _____

| | |
|---|---|
| John Morrill | Clerk of the Court |
| Name of Issuing Officer | Title of Issuing Officer |
| s/ A. Cortez | 7/15/2025, San Diego, CA |
| Signature of Deputy | Date and Location |
| Bail fixed at $ _____ | by   The Honorable Dana M. Sabraw |
| | Name of Judicial Officer |

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |



PROB 12C
(11/17)

July 14, 2025
pacts id: 8212053

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jeffrey Michael Roosa, Jr. (English)       **Dkt. No.:** 22CR02502-001-DMS

**Reg. No.:** 06563-506

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony

**Date of Sentence:** March 8, 2024

**Sentence:** Twenty-four (24) months' custody, three (3) years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On May 7, 2025, Mr. Roosa's conditions were modified to include an updated search condition, abstain from alcohol and illegal drugs, submit up to eight urinalysis tests per month and reside in a residential reentry center program.

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** March 3, 2025

**Asst. U.S. Atty.:** Daniel Greene       **Defense Counsel:**   Megan Elizabeth Foster
                                                                (Appointed)
                                                                619-736-3707

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

PROB12(C)
Name of Offender: Jeffrey Michael Roosa, Jr.                                July 14, 2025
Docket No.: 22CR02502-001-DMS                                                     Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

1. On or about April 18, 2025, Mr. Jeffrey Roosa used a controlled substance, methamphetamine, as evidenced by the urine sample he submitted at the United States Probation Office on April 18, 2025, which confirmed positive for methamphetamine.

2. On or about May 8, 2025, Mr. Jeffrey Roosa used a controlled substance, norfentanyl, as evidenced by the urine sample he submitted at the United States Probation Office on May 8, 2025, which confirmed positive for norfentanyl.

3. On or about May 20, 2025, Mr. Jeffrey Roosa used controlled substances, amphetamine, methamphetamine, fentanyl, and norfentanyl, as evidenced by the urine sample he submitted at the United States Probation Office on May 20, 2025, which confirmed positive for amphetamine, methamphetamine, fentanyl, and norfentanyl.

4. On or about June 6, 2025, Mr. Jeffrey Roosa used controlled substances, amphetamine, methamphetamine, fentanyl, and norfentanyl, as evidenced by the urine sample he submitted at the United States Probation Office on June 6, 2025, which confirmed positive for amphetamine, methamphetamine, fentanyl, and norfentanyl.

5. On or about June 26, 2025, Mr. Roosa used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on June 26, 2025.

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Roosa on April 18, 2025, confirmed positive for methamphetamine.

As to Allegation 2, I have received and reviewed written laboratory notifications from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Roosa on May 8, 2025, confirmed positive for norfentanyl.

As to Allegation 3, I have received and reviewed written laboratory notifications from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Roosa on May 20, 2025, confirmed positive for amphetamine, methamphetamine, fentanyl, and norfentanyl.

PROB 12C(C)
Name of Offender: Jeffrey Michael Roosa, Jr.                                       July 14, 2025
Docket No.: 22CR02502-001-DMS                                                            Page 3

As to Allegation 4, I have received and reviewed written laboratory notifications from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Roosa on June 6, 2025, confirmed positive for amphetamine, methamphetamine, fentanyl, and norfentanyl.

As to Allegation 5, I have received and reviewed correspondence from United States Probation Officer Ashton Bosley in the Western District of Washington and well as the Tacoma RRC Contraband/Evidence Form, which confirms the following: Mr. Roosa entered the residential reentry center (RRC) in Tacoma, Washington on June 5, 2025, and on June 23, 2025, RRC staff found a sealed spectrum labs synthetic urine bottle and disposable heat pack with a rubber band amongst Mr. Roosa's belongings. On June 26, 2025, the probation officer confronted Mr. Roosa, who admitted to using methamphetamine "a few days ago." He furthered he obtained the listed contraband because he did not want to provide a positive-resulting urine sample.

PROB12(C)
Name of Offender: Jeffrey Michael Roosa, Jr.                                            July 14, 2025
Docket No.: 22CR02502-001-DMS                                                              Page 4

**VIOLATION SENTENCING SUMMARY**

## SUPERVISION ADJUSTMENT

On March 3, 2025, Mr. Roosa released from custody and began supervision in the Western District of Washington. Since commencing supervision, Mr. Roosa has been unable to maintain a consistent address. When the supervising probation officer attempted to conduct the pre-release home investigation, she discovered Mr. Roosa had already vacated the address and his whereabouts was unknown.

Thereafter, he reported he was living with his father, but reported little connection to him as they do not know each other well. Mr. Roosa then began living with a woman he met at an alcoholics anonymous meeting. At one point, Mr. Roosa admitted to his probation officer his plan to live with the woman from his AA meeting was not ideal and likely contributed toward his substance abuse. A few months later, Mr. Roosa asked permission to reside with a girlfriend, whom he had known for approximately one month.

Mr. Roosa has struggled with drug use during this term of release. On March 17, 2025, he submitted a urine specimen that screened positive for cocaine metabolite. He initially denied use, but later admitted to consuming "drugs" and did not know exactly what he consumed. Then, on April 9, 2025, he submitted a urine specimen that screened positive for amphetamines, and he admitted to consuming methamphetamine and attributed his substance use to stress of his recent violation.

On April 11, 2025, Mr. Roosa's supervising probation officer directed him to obtain a substance use disorder assessment and provided a list of places he could obtain such an assessment, and he advised he had an appointment on May 15, 2025, but failed to attend his intake. When questioned, he made several excuses on why he was unable to attend. Mr. Roosa finally obtained the evaluation on June 23, 2025. However, his violation behavior has continued and his presence in the community is no longer sustainable.

Mr. Roosa's adjustment to supervision has been poor. He was given several opportunities to gain compliance by providing him the resources and tools to be successful on supervision, however, he continues to engage in illicit substance use, associates with negative peers, and was going to attempt to circumvent drug testing efforts, which speaks to his lack of commitment to change.

PROB12(C)
Name of Offender: Jeffrey Michael Roosa, Jr.                                July 14, 2025
Docket No.: 22CR02502-001-DMS                                                      Page 5

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Information in this section was obtained from the presentence report and the supervising probation officer.

Mr. Roosa is 39 years old and has been residing in the Western District of Washington since he commenced supervision but has been unable to secure stable housing. It is unknown whether he would be able to live with his father as they do not have much of a relationship. His mother passed away on June 9, 2011, from inhalant exposure. Mr. Roosa was in a 15-year relationship with his high school sweetheart and produced five children. Sadly, she passed away in an automobile accident in February 2023. Mr. Roosa has four additional children from his previous marriage with another woman. According to his supervising probation officer, Mr. Roosa's children reside in Northern California.

Mr. Roosa's first use of marijuana was at the age of 12 and reported using two times per week until his instant offense. He first used methamphetamine at the age of 16 and has continued to use, as noted in the alleged violation conduct. He has also used cocaine and fentanyl. Whether he used those drugs knowingly remains to be seen. Mr. Roosa informed that he entered a program in Eureka, California called Crossroads and reported completing the program in February 2021. He also reported participating in counseling at Humboldt Counseling Connections. Records confirmed Mr. Roosa was enrolled in CRASH from June 8, 2023, to July 14, 2023, and successfully completed CRASH on September 5, 2023.

Mr. Roosa's criminal history begins at age 13 and includes arrests and convictions for driving without a valid license (multiple), burglary and receiving stolen property, failure to appear on written promise and false proof of financial liability (multiple), minor buying/receiving tobacco, show or give officer unlawful registration, grand theft (multiple), driving on suspended license (multiple), child restraint violation, first degree burglary (multiple), trespassing, petty theft, fail to provide evidence of financial responsibility (multiple), driving across dividing section on freeway, disobey designated traffic direction, speeding, show on vehicle / give officer unlawful document, domestic violence (multiple), and driver's license not in possession.

Mr. Roosa has been on terms of community supervision previously, has incurred violations of those terms, and has failed to appear before courts on numerous occasions, causing warrants to be issued for his arrest.

PROB12(C)

Name of Offender: Jeffrey Michael Roosa, Jr.
Docket No.: 22CR02502-001-DMS

July 14, 2025
Page 6

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions**: Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation**: If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (illicit drug use) constitute Grade C violations. USSG §7B1.1(a)(3)(b), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Roosa's drug use has not abated despite numerous opportunities and interventions. He has been using methamphetamine since age 16, and methamphetamine is the drug most linked to violent crime. This is concerning especially given his history of domestic violence. Further, he is also using fentanyl, which is a drug 100 times more powerful than morphine and from which exposure to a miniscule amount can be deadly. As such, his continued drug use represents not only a risk to himself but also a risk to the community. Additionally, Mr. Roosa has a history of providing false information to officials, has failed to appear in court on numerous occasions, and procured items to aid him in circumventing drug testing efforts. As such, he is deemed a risk of flight. Based on the above, a warrant is justified to ensure his appearance before the court and to mitigate risk to the community.

PROB12(C)
Name of Offender: Jeffrey Michael Roosa, Jr.                                      July 14, 2025
Docket No.: 22CR02502-001-DMS                                                              Page 7

## RECOMMENDATION/JUSTIFICATION

Mr. Roosa began his term of supervised release in March 2025 and his violation conduct began almost immediately. He has displayed a pattern of behavior indicating he is either unable or unwilling to control his drug use, despite prior and current treatment interventions. Additionally, Mr. Roosa was instructed to obtain a drug treatment evaluation and, while he did eventually comply, it took him over 60 days to abide by the instructions provided by his supervising probation officer. Finally, Mr. Roosa procured items that would allow him to attempt to circumvent drug testing efforts. These behaviors are contrary to the positive adjustment Mr. Roosa showed during his pretrial supervision and are a clear breach of the Court's trust.

Should the allegations herein be sustained, it is respectfully recommended that supervised release be revoked, and a five-month custodial sentence be imposed. While this is Mr. Roosa's first order to show cause hearing, his attempt to circumvent drug testing is inexcusable and a custodial sanction beyond the low-end of the guideline range is needed to impose upon him the seriousness of his actions. Probation is more than willing to help someone struggling with substance abuse issues, but probation officers cannot succeed in their efforts when someone circumvents drug detection to avoid their own rehabilitation.

Mr. Roosa clearly needs additional supervised release so he can work toward a positive change in his conduct and condition. As this entire term of release was fraught with non-compliance, Probation respectfully recommends the Court impose an additional three years of supervised release. If Mr. Roosa is to be successful, he must find a way to curb his drug use, must avoid negative peers and strengthen his pro-social network, must secure a stable, permanent residence, and must be wholly forthright with his probation officer.

As such, Probation recommends the Court re-impose all previously imposed special conditions of release, including those adopted by the Court on May 7, 2025. A residential reentry center placement will be necessary to support Mr. Roosa's efforts at obtaining a stable residence, the drug treatment condition will be necessary to continue to work toward addressing his substance abuse struggles and the increased testing limit of eight times per month seems prudent, and the cognitive behavioral therapy condition will be vital in addressing the thinking errors that led to his decision to circumvent drug testing. A mandate to report all vehicles and a requirement to submit to search will also be important in providing Probation the tools necessary to investigate potential supervised release violations.

Additionally, Mr. Roosa has yet to pay $50 of the previously ordered $100 special assessment and Probation recommends the Court instruct Mr. Roosa to pay the remaining special assessment during the next term of supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: July 14, 2025**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Jordan Elbert
Supervisory U.S. Probation Officer
(619) 409-5140

PROB̂12CW

July 14, 2025

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Roosa, Jeffrey Michael, Jr.

2. **Docket No.** (Year-Sequence-Defendant No.):  22CR02502-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| <u>Violation(s)</u> | <u>Grade</u> |
|---|---|
| Illicit drug use | C |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [    C    ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))          [    I    ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [    3 to 9 months    ]

7. **Unsatisfied Conditions of Original Sentence:**  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Special Assessment | $50.00 | Intermittent Confinement | _____ |

PRQB12(C)

Name of Offender: Jeffrey Michael Roosa, Jr.                                July 14, 2025
Docket No.: 22CR02502-001-DMS                                                        Page 9

**THE COURT ORDERS:**

    X     AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

        DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

        Other _____

_____

_____


The Honorable Dana M. Sabraw                                    7/15/2025
U.S. District Judge                                                          Date

AD

RECEIVED
U.S. MARSHALS-S/CA

2025 JUL 15 PM 2:5